**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 1:17-CR-241 |
| | : | CRIMINAL NO. 1:08-CR-49 |
| | : | |
| v. | : | (Judge Conner) |
| | : | |
| DAVID WAYNE MILES, | : | |
| | : | |
| Defendant | : | |

<u>**MEMORANDUM**</u>

Defendant David Wayne Miles pled guilty to bank robbery, attempted bank robbery, and violation of supervised release by commission of such offenses.  He was sentenced to 125 months' imprisonment for the robbery convictions and 24 months' consecutive imprisonment for violation of his supervised release.  Miles moves *pro se* to vacate, set aside, or correct his sentences pursuant to 28 U.S.C. § 2255.  (Doc. 50).[1]  We will deny his motion.

**I.**     <u>**Factual Background & Procedural History**</u>

In August 2017, a grand jury returned a three-count indictment charging Miles with two counts of bank robbery (Counts 1 and 2) and one count of attempted bank robbery (Count 3), all in violation of 18 U.S.C § 2113(a).  (Doc. 1).  Miles eventually pled guilty to these charges without a plea agreement.  (Doc. 24).  The

---

[1] Miles challenges both his bank robbery sentence (No. 1:17-CR-241) and his supervised release revocation sentence (No. 1:08-CR-49) in the same Section 2255 motion.  Docket citations herein primarily refer to the bank robbery docket with citation to the revocation docket only when necessary.

court accepted Miles' guilty plea and directed the probation office to prepare a presentence report ("PSR").  (See Doc. 25).

At sentencing, the court sustained Miles' objections to certain enhancements in the PSR related to physical restraint and calculated his Guidelines range to be 100 to 125 months.  (Sent. Tr. 10:7-11:11).  The court then sentenced Miles to the top end of this range—125 months' imprisonment.  (Id. at 34:14-35:9).  That same day, the court sentenced Miles to 24 consecutive months' imprisonment for violating supervised release in an earlier case.  See United States v. Miles, No. 1:08-CR-49, Doc. 75 at 7 (M.D. Pa. Apr. 10, 2018).

Miles' appointed attorney filed a notice of appeal but then moved to withdraw from the case, asserting that there were no nonfrivolous grounds for appeal.  See United States v. Miles, 760 F. App'x 86, 88 (3d Cir. 2019) (nonprecedential) (citing Anders v. California, 386 U.S. 783 (1967)).  The Third Circuit Court of Appeals granted this motion and proceeded to consider Miles' *pro se* appeal.  See id. at 89-90.  The court affirmed Miles' convictions and sentences.  Id. at 90.  Miles did not petition the Supreme Court of the United States for a writ of *certiorari*.  (See Doc. 50 at 3).

Miles timely filed the instant Section 2255 motion approximately a year later, challenging the legality of his sentences.  His motion is fully briefed and ripe for disposition.

## II.    Legal Standard

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence.  28 U.S.C. § 2255.  Courts may

afford relief under Section 2255 on a number of grounds including, *inter alia*, "that

the sentence was imposed in violation of the Constitution or the laws of the United

States." 28 U.S.C. § 2255(a); see also 28 U.S.C. § 2255 Rule 1(a). The statute

provides that, as a remedy for an unlawfully imposed sentence, "the court shall

vacate and set the judgment aside and shall discharge the prisoner or resentence

him or grant a new trial or correct the sentence as may appear appropriate." 28

U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when

reviewing a Section 2255 motion unless those allegations are "clearly frivolous

based on the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir.

2005). A court is required to hold an evidentiary hearing when the motion "allege[s]

any facts warranting § 2255 relief that are not clearly resolved by the record."

United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (quoting Booth, 432 F.3d at

546).

## III.   Discussion

Miles asserts four grounds for relief in his Section 2255 motion.[2] In ground

one, Miles argues that his attorney was ineffective for failing to object to certain

nonexpert testimony presented at sentencing by a government witness. In ground

two, Miles claims that the sentencing court "abused [its] discretion" by accepting

this purportedly impermissible testimony and by imposing consecutive sentences

for the robbery and supervised-release convictions. (Doc. 50 at 6). Ground three

---

[2] Although Miles lists four grounds in his motion, (see Doc. 50 at 5-9), he only
briefs the first three, (see Doc. 51 at 2-14).

alleges ineffective assistance of counsel for failing to preserve the first two issues at sentencing or to raise them on appeal.  And Miles lastly contends that his combined sentence is greater than necessary because his illegal conduct was fueled by drug addiction.

## A.    Grounds Three and Four

We can summarily resolve grounds three and four and do so in reverse order. Miles' fourth claim—regarding disagreement with the length of sentence imposed— is not cognizable on habeas review because this challenge was raised and adjudicated on direct appeal.  "[I]ssues resolved in a prior direct appeal will not be reviewed again by way of a § 2255 motion[.]"  United States v. Travillion, 759 F.3d 281, 288 (3d Cir. 2014) (citing United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993)).  The Third Circuit has already affirmed the procedural and substantive reasonableness of Miles' sentences, see Miles, 760 F. App'x at 89-90, and we decline to revisit this issue under Section 2255.

As to ground three, this "claim" is actually part of Miles' first two grounds for relief.  Miles argues that ineffective assistance of his sentencing and appellate counsel caused the alleged errors identified in grounds one and two to go uncorrected.  In other words, his appointed attorney was ineffective for not objecting during sentencing or raising the alleged errors on appeal.  This is not an independent claim; rather, it is the constitutional hook, as required by 28 U.S.C. § 2255, that permits consideration of claims that should have been raised on direct appeal.  See Travillion, 759 F.3d at 288 & n.11.  Thus, we incorporate any discussion of claim three into our analysis of Miles' first two grounds for relief.

**B.      Ground One – Ineffective Assistance for Failure to Object to Nonexpert Testimony**

A collateral attack based on ineffective assistance of counsel is governed by the two-pronged test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  To prevail on such a claim, a defendant must demonstrate that (1) counsel's representation fell below an objective level of reasonableness based on prevailing professional norms, and (2) the deficient representation was prejudicial.  <u>See</u> <u>id.</u> at 687-88.  The defendant bears the burden of proving both prongs.  <u>See</u> <u>id.</u> at 687. Conclusory allegations are insufficient to entitle a defendant to relief under Section 2255.  <u>See</u> <u>United States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000); <u>Sepulveda v. United States</u>, 69 F. Supp. 2d 633, 639-40 (D.N.J. 1999) (citing <u>Blackledge v. Allison</u>, 431 U.S. 63 (1977)).

To determine whether counsel has satisfied the objective standard of reasonableness under the first prong, courts must be highly deferential toward counsel's conduct.  <u>Strickland</u>, 466 U.S. at 689.  There is a strong presumption that counsel's performance falls within the broad range of reasonable professional assistance.  <u>See</u> <u>United States v. Gray</u>, 878 F.2d 702, 710 (3d Cir. 1989).  Only a "rare claim" of ineffectiveness of counsel should succeed "under the properly deferential standard to be applied in scrutinizing counsel's performance."  <u>Id.</u> at 711 (citing <u>Strickland</u>, 466 U.S. at 689-90).

To satisfy the prejudice prong, the defendant must establish a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different.  <u>Strickland</u>, 466 U.S. at 694.  The district court need not conduct its

analysis of the two prongs in a particular order or even address both prongs of the inquiry if the defendant makes an insufficient showing in one.  See Strickland, 466 U.S. at 697; United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

Miles contends that impermissible testimony was admitted during his sentencing and that his attorney's failure to object to that testimony was objectively unreasonable.  At sentencing, the government presented the testimony of Amy L. Gelbaugh—a security officer at a Mechanicsburg, Pennsylvania branch of Orrstown Bank that Miles robbed on two occasions roughly three weeks apart.  (See generally Sent. Tr. 28:5-30:8; see Doc. 1 at 1-2).  Gelbaugh, who was not present for the robberies, briefly testified about the effects of the robberies on herself and about her perception of the effects on other bank employees.  (See Sent. Tr. 28:18-30:8). She also recounted the increased security measures implemented by the bank following the robberies.  (Id. at 30:2-5).  Miles argues that Gelbaugh was a "non-victim, non-expert witness" who improperly testified to the "non-testifying victim[s'] 'state of mind' and resulting . . . ongoing mental trauma post-robbery." (Doc. 51 at 5).

Miles' claim is unavailing.  Initially, we note that the Federal Rules of Evidence do not apply at sentencing.  See FED. R. EVID. 1101(d)(3).  Even if they did, none of the testimony offered by Gelbaugh exceeds the scope of her personal knowledge or the bounds of permissible lay opinion.  See FED. R. EVID. 602, 701. Gelbaugh testified as to "the terror and fear" she saw on the faces of the bank tellers when she watched security video footage of the robberies, and how that experience "really haunts" her.  (Sent. Tr. 28:24-29:5).  She further testified to her

past experience with robberies, (id. at 29:18-20), explained that "it just hurts to see [the employees] hurting every day," (id. at 29:21-22), and lamented her inability to "protect" her "people" from the detrimental effects of Miles' illegal conduct, (id. at 30:2-8).  Contrary to Miles' assertions, this testimony neither contains impermissible hearsay nor requires an expert witness.

Additionally, Miles claims that Gelbaugh was not a "victim" of his robberies.  We assume, for purposes of the instant motion only, that Gelbaugh is not a "crime victim" under the Crime Victims' Rights Act, 18 U.S.C. § 3771.[3]  Miles fails to identify, and the court has not found, any authority that limits the government's presentation of witnesses at sentencing to "crime victims" only.  *Per contra*, applicable statutes and case law reflect an inclusive approach to information permitted at sentencing.  See, e.g., 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."); United States v. Salutric, 775 F.3d 948, 951-52 (7th Cir. 2015) (finding no error by sentencing court in considering impact statements from non-named victims of uncharged, additional wrongdoing); United States v. Baylin, 535 F. Supp. 1145, 1151 (D. Del. 1982) (noting

---

[3] Section 3771 generally defines "crime victim" as "a person directly and proximately harmed as a result of the commission of a Federal offense[.]"  18 U.S.C. § 3771(e)(2)(A).  Although Gelbaugh was not present during the robberies, it is possible that she would qualify as a victim under this definition based on her testimony regarding the effects she personally experienced as a result of Miles' robberies.  However, we need not decide this question because it is not dispositive as to the government's ability to present her as a witness at sentencing.

that courts have "almost unfettered discretion in determining what information"

they will hear and rely on at sentencing, provided that information is accurate)

(citing <u>United States v. Tucker</u>, 404 U.S. 443, 446 (1972)).

In sum, Miles has failed to identify a valid basis on which his sentencing

counsel could have objected to Gelbaugh's testimony.  Hence, failing to object to

this testimony was not objectively unreasonable conduct.  And because there was

no deficient performance by sentencing counsel, there is no need to consider

<u>Strickland</u>'s prejudice prong.  <u>See</u> <u>Strickland</u>, 466 U.S. at 697; <u>Lilly</u>, 536 F.3d at 196.

We will therefore deny relief on ground one.

> ### C.  Ground 2 – Ineffective Assistance for Failure to Appeal Sentencing Court's "Abuse of Discretion" and Related Consecutive Sentences

In ground two, Miles posits that the sentencing court "abused [its]

discretion" by accepting Gelbaugh's testimony and, influenced by that testimony,

unfairly sentenced him to consecutive sentences.  (Doc. 50 at 6).  Read in

conjunction with ground three, Miles is essentially raising a claim of ineffective

assistance of counsel for failure to challenge this alleged error at sentencing and on

direct appeal.  This claim is also unavailing.

As discussed above, Miles has proffered no valid basis for excluding

Gelbaugh's testimony at sentencing.  Furthermore, the record is clear that this brief

testimony had little, if any, impact on the court's sentencing scheme.  Miles' 125-

month sentence for the bank robberies and his 24-month consecutive sentence for

violating supervised release were the culmination of the court's careful examination

of a host of mitigating and aggravating factors.  Specifically, the court weighed

Miles' drug addiction, his difficult upbringing, his extensive criminal history, his high risk of recidivism, the fact that Miles committed a series of robberies while on supervised release for robbery, and the seriousness of the offenses of conviction. (See Sent. Tr. 32:1-35:9); Miles, 760 F. App'x at 89-90.

Thus, Miles' appellate counsel did not perform deficiently by failing to assert that Miles' consecutive sentences were an abuse of discretion based on impermissible testimony.  Such a claim would have been baseless, and it is well settled that counsel cannot be deemed ineffective for failing to raise a meritless claim.  See United States v. Bui, 795 F.3d 363, 366-67 (3d Cir. 2015) (citation omitted).  Because Miles identifies no deficient performance in ground two, we must deny this ineffective-assistance claim as well.  See Strickland, 466 U.S. at 697; Lilly, 536 F.3d at 196.

## IV.   **Conclusion**

We will deny Miles' motion (Doc. 50) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 because he has not demonstrated that his sentence "was imposed in violation of the Constitution or the laws of the United States." 28 U.S.C. § 2255(a).  We will also deny a certificate of appealability, as Miles has not made the requisite "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    July 22, 2020